880 F.2d 414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alfred E. GRIZZELL, Petitioner-Appellant,
v.
Billy COMPTON, Warden, Respondent-Appellee.
 No. 88-6319.
 United States Court of Appeals, Sixth Circuit.
 July 31, 1989.
 
 Before WELLFORD and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Alfred Grizzell moves for counsel and appeals from the district court's judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254 for lack of exhaustion. Following a jury trial, Grizzell was convicted of robbery and kidnapping, and was sentenced to life plus ten years in prison.
 
 
 3
 Grizzell raised the following claims: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) trial judge misconduct; (4) interference of another attorney; (5) identification errors; (6) no defense witnesses were called; and (7) illegal use of prior convictions.
 
 
 4
 After reviewing the motion to dismiss and Grizzell's reply, the district court dismissed the petition for lack of exhaustion of state court remedies.
 
 
 5
 A previous panel of this court dismissed Grizzell's prior habeas corpus application on October 2, 1987, stating:
 
 
 6
 ... denial ... is without prejudice to the petitioner filing a new habeas petition showing he has in fact exhausted state remedies as to the claims raised therein. If, as the petitioner asserts, he did file a supplemental pro se brief with the Tennessee Supreme Court, he should attach a copy of that brief to his petition (emphasis added).
 
 
 7
 In the present habeas corpus petition Grizzell has attached an "Application for Permission to Appeal" with the Tennessee Supreme Court setting out the bases for his appeal, in addition to those stated by his court appointed counsel, Mr. David E. High. Grizzell states that he has exhausted all his state court remedies and his asserted that he did in fact file a pro se brief with the Tennessee Supreme Court. The State Attorney General's office is adjacent to to the office of the Tennessee Supreme Court and it has never filed with the district court or with this court any indication that the petitioner Grizzell did not in fact file such a brief with the Tennessee Supreme Court. We, accordingly, REMAND this case to the district court for further consideration and proof concerning whether Grizzell has, in fact, exhausted his state remedies in this case. The district court will consider whether appointment of counsel is appropriate in light of the remand.
 
 
 8
 SO ORDERED this 31st day of July, 1989, pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.